# EXHIBIT 4

**ALEJANDRO MORALES-MEJIA**

**v.**

**MID-CENTURY INSURANCE COMPANY, et al.**

**DEFENDANT, MID-CENTURY INSURANCE COMPANY'S
PETITION FOR REMOVAL**

# EXHIBIT 4

**Plaintiff's Complaint**

**COMP**
KRISTIAN LAVIGNE, ESQ.
Nevada Bar No.11629
JEFFREY LAVIGNE, ESQ.
Nevada Bar No. 13906
**THE LAW OFFICE OF KRISTIAN LAVIGNE AND ASSOCIATES, P.C.**
3627 S. Eastern Avenue
Las Vegas, NV 89169
Ph:702-732-3529
Fax:702-724-9073

Electronically Filed
11/10/2016 11:20:05 AM

CLERK OF THE COURT

*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

ALEJANDRO MORALES-MEJIA, an
individual,

              Plaintiff,

vs.

MID-CENTURY INSURANCE COMPANY;
DOES I through V, inclusive; and ROE
CORPORATIONS I through V, inclusive,

              Defendants

Case No.: A-16-746500-C
Dept. No.: XIII

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff ALEJANDRO MORALES-MEJIA ("Plaintiff"), by and through his undersigned

counsel of record, hereby alleges against Defendants as follows:

### GENERAL ALLEGATIONS

    1.    Plaintiff is, and was at all times mentioned herein, a resident of Clark County,

Nevada.

    2.    Defendants, upon information and belief, are and were at all times mentioned herein,

licensed corporate entities licensed and doing business in Clark County, Nevada.

    3.    The incidents, transactions and occurrences that comprise the basis of this lawsuit

took place in Clark County, Nevada.

    4.    Venue is proper in the Eighth Judicial District Court, Clark County, Nevada.

5.      At all times relevant hereto, Defendants designated as DOES I through V and ROE CORPORATIONS I through V, in their true capacities, whether individual, corporate, associate or otherwise of the Defendants named herein are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOES I through V and/or ROE CORPORATIONS I through V are responsible in some manner for the events and happenings referred to herein, and caused damages proximately to Plaintiff as herein alleged. Plaintiff will ask leave of this court to amend this Complaint to insert the true names and capacities of DOES I through V and ROE CORPORATIONS I through V when the same have been ascertained and to join such Defendants in this action.

6.      At all times relevant hereto, each of Defendants' agents, servants, and employees was acting within the course and scope of employment with the other Defendants named herein, and/or was acting with the authority of such Defendant or as an agent of said Defendant, and consequently, an agency and/or vicarious liability was created and is applicable to the allegations contained herein.

7.      At all times relevant hereto, each of the named Defendants was associated as parent company or subsidiary company with the other Defendants, and consequently, an agency and/or vicarious liability was created and is applicable to the allegations contained herein.

## FIRST CAUSE OF ACTION

### (Breach of Contract for Uninsured/ Underinsured Motorist Benefits)

8.      Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

9.      On or about May 24, 2015, Plaintiff was the driver of a vehicle in Clark County, Nevada. Then suddenly and without warning, Plaintiffs vehicle was violently rear ended by an unknown person driving a motor vehicle (the "Subject Accident"). The unknown person fled the scene of the Subject Accident.

10.     As a direct and proximate result of the Subject Accident, Plaintiff has incurred expenses for medical care and treatment and expenses incidental thereto, all to Plaintiff's damage, the present amount of which is unknown. Such expenses will continue to accrue in the future, all to

1    Plaintiff's damage in a presently unascertainable amount. In this regard, Plaintiff prays for leave of

2    the Court to insert all said damages herein when the same have been fully ascertained.

3         11.    As a direct and proximate result of the Subject Accident, Plaintiff has been absent

4    from employment, which has resulted in a loss of earning capacity, all to Plaintiff's damage in an

5    amount unknown at this time. When the amount of said damages is ascertained, Plaintiff will make

6    known said damages to this Court and to all Defendants.

7         12.    Prior to the Subject Accident, Defendants issued a policy of automobile insurance,

8    policy number 0188872735, to Plaintiff. Among other things, said policy of insurance provided

9    uninsured/underinsured motorist coverage. Said policy was in full force and effect on or about May

10   24, 2015. Plaintiff has duly performed all conditions, provisions, and terms of the agreements of the

11   policy of insurance related to Plaintiff's loss. Plaintiff has furnished full and complete particulars of

12   said loss to Defendants.

13        13.    Plaintiff fulfilled and performed all of the conditions precedent of the insurance

14   agreement, up through and including May 24, 2015, on which date Plaintiff was involved in the

15   Subject Accident.

16        14.    Pursuant to the insurance agreement between Plaintiff and Defendants, Defendants

17   have a duty to pay uninsured/underinsured motorist benefits to Plaintiff.

18        15.    Plaintiff has demanded numerous times that Defendants pay the fair and equitable

19   amount due and owing under the uninsured/underinsured motorist provisions of the insurance

20   policy, but Defendants have refused, and continue to refuse, to do so.

21        16.    On or about January 19, 2016, Plaintiff provide Defendants with all medical billings

22   and records and demanded the policy limits be tendered. The demand was based primarily upon the

23   significant damages suffered in the Subject Accident, including but not limited to, several

24   procedures to Plaintiffs lumbar spine, as well as, a recommendation for future procedures to

25   Plaintiff's lumbar spine.

26        17.    On or about February 24, 2016, Defendants tendered a check for $25,000.00

27   pursuant to the medical payments provision of Plaintiff's policy of insurance. Defendants have

28

1  refused, and continue to refuse, to pay any additional amounts relating to the Plaintiff's injuries

2  sustained in the Subject Accident.

3    18.    As a direct and proximate result of Defendants' breach of the insurance agreement,

4  Plaintiff has been injured and has suffered damages in an amount in excess of $10,000.00.

5    19.    As a direct and proximate result of Defendant's breach of the insurance agreement,

6  Plaintiff has been caused to retain The Law Offices of Kristian Lavigne and Associates, P.C., in

7  order to prosecute this matter and is entitled to reasonable attorney's fees and costs of suit herein.

8                                    **SECOND CAUSE OF ACTION**

9                                       **(Common Law Bad Faith)**

10    20.    Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

11    21.    At all times mentioned herein, Defendants and their agents owed Plaintiff a duty to

12  comply with the covenant of good faith and fair dealing implied in every contract, and to do nothing

13  to injure the right of Plaintiff to receive benefits under the above-referenced policy of insurance.

14    22.    Defendants, through their agents, have acted in bad faith and have violated and

15  breached the implied common law covenant of good faith and fair dealing, having continuously

16  failed and refused to pay Plaintiff the sum of money still due and owing under the

17  uninsured/underinsured provisions of Plaintiff's policy of insurance.

18    23.    As a direct and proximate result of Defendants' breach of the implied common law

19  covenant of good faith and fair dealing, Plaintiff has been subject to liability for unpaid medical

20  expenses, has been unable to obtain required medical care, and has suffered severe mental agony,

21  anxiety, and distress.

22    24.    Defendants' conduct in breaching the implied common law covenant of good faith

23  and fair dealing was willful, wanton, and in reckless disregard of Plaintiff's interests to such an

24  extent as to constitute oppression, fraud, and/or malice toward Plaintiff, entitling Plaintiff to

25  punitive damages.

26    25.    As a direct and proximate result of Defendant's breach of the implied common law

27  covenant of good faith and fair dealing, Plaintiff has been caused to retain The Law Offices of

28

1 Kristian Lavigne and Associates, P.C., in order to prosecute this matter and is entitled to reasonable

2 attorney's fees and costs of suit herein.

3 **THIRD CAUSE OF ACTION**

4 **(Statutory Bad Faith)**

5   26. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

6   27. At all times mentioned herein, Defendants and their agents owed a duty to Plaintiff

7 to comply with Nevada insurance regulations and Nevada law, including but not limited to NRS

8 686A.310.

9   28. Defendants, through their agents, have acted in bad faith and have breached and

10 violated Nevada insurance regulations, and Nevada law, including but not limited to NRS

11 686A.310, by repeatedly and continually failing to and refusing to pay Plaintiff the sum of money

12 still due and owing under the uninsured/underinsured provision of the policy of insurance.

13   29. In accordance with NRS 686A.310(1)(e), Defendants owe Plaintiff a duty to

14 effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably

15 clear.

16   30. Defendants, through their agents, have violated NRS 686A.310(1)(e) by failing to

17 effectuate a prompt, fair, and equitable settlement of Plaintiff's claim after liability had become

18 reasonably clear.

19   31. As a direct and proximate result of Defendants' violation of Nevada insurance

20 regulations, and Nevada law, including but not limited to NRS 686A.310, Plaintiff has been subject

21 to liability for unpaid medical expenses, has been unable to obtain required medical care, and has

22 suffered severe mental agony, anxiety, and distress.

23   32. Defendants conduct in violating Nevada insurance regulations, and Nevada law,

24 including but not limited to NRS 686A.310 was willful, wanton, and in reckless disregard of

25 Plaintiff's interests to such an extent as to constitute oppression, fraud, and/or malice toward

26 Plaintiff, entitling Plaintiff to punitive damages.

27   33. As a direct and proximate result of Defendant's violating Nevada insurance

28 regulations, and Nevada law, including but not limited to NRS 686A.310, Plaintiff has been caused

1    to retain The Law Offices of Kristian Lavigne and Associates, P.C., in order to prosecute this matter

2    and is entitled to reasonable attorney's fees and costs of suit herein.

3           WHEREFORE, Plaintiff, who reserves the right to amend this Complaint at the time of trial

4    to include all items of damages not yet ascertained, prays for judgment against Defendants for each

5    cause of action as follows:

6           1.    For general damages in excess of $10,000.00;

7           2.    For special damages in excess of $10,000.00;

8           3.    For punitive damages in excess of $10,000.00;

9           4.    For reasonable attorney's fees and costs of suit herein; and

10          5.    For such other and further relief as the Court deems proper.

11                              **JURY DEMAND**

12          Plaintiff(s), by and through their undersigned counsel of record, demand a trial by jury on

13   claims so triable.

14          DATED this 10th day of November 2016.

15                                    LAW OFFICE OF KRISTIAN LAVIGNE, P.C.

16                                    _____

17                                    KRISTIAN LAVIGNE, ESQ.
18                                    Nevada Bar No.11629
                                      JEFFREY LAVIGNE, ESQ.
19                                    Nevada Bar No. 13906
                                      **THE LAW OFFICE OF KRISTIAN**
20                                    **LAVIGNE AND ASSOCIATES, P.C.**
                                      8064 W. Sahara Avenue, Suite No. 102
21                                    Las Vegas, NV 89117
                                      Ph:702-732-3529
22                                    Fax:702-724-9073

23                                    *Attorneys for Plaintiff*

24

25

26

27

28